# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYRONE WALLACE, | : | 1:12-CV-244 |
| | : | |
| Plaintiff, | : | Hon. John E. Jones III |
| | : | |
| v. | : | Hon. Thomas M. Blewitt |
| | : | |
| LT. MILLER, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM

## April 22, 2013

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Thomas M. Blewitt (doc. 37), filed January 30, 2013, which recommends that we grant the collective Defendants' Motion for Summary Judgment (doc. 25) for failure of the *pro se* Plaintiff to fully exhaust his administrative remedies. Objections to the R&R were originally due on or before February 19, 2013. Since that date, the Court has twice granted the *pro se* Plaintiff generous extensions of time in which to file objections to the said R&R, with the latest extension having expired on April 19, 2013, and to date, no objections have been filed. Thus, the matter is ripe for our review. For the reasons that follow, we shall adopt the R&R in its entirety.

## I. STANDARD OF REVIEW

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Henderson*, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); *Cruz v. Chater,* 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel,* 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

## II. DISCUSSION

*Pro se* Plaintiff Tyrone Wallace ("Wallace") is a federal prisoner currently housed at the United States Penitentiary at Allenwood ("Allenwood") and formerly confined at the United States Penitentiary at Lewisburg ("Lewisburg"). In his *pro se*

Complaint (doc. 1), Wallace asserts various *Bivens*[1] claims against the several Defendants alleging various violations of the Fifth and Fourteenth Amendments. Wallace names as Defendants Ms. Mink ("Mink"), Assistant Psychologist at USP Lewisburg, and Lieutenant Miller ("Miller"), also an official at that institution. As Magistrate Judge Blewitt observes, the facts underlying the matter *sub judice* are actually born out of another civil action filed by the *pro se* Plaintiff and currently pending before this Court, docketed at number 11-1503. In that matter, Wallace alleges that his constitutional rights were violated by three USP Lewisburg officials during his escort to Geisinger Hospital in May of 2011. Wallace could not identify all of the defendants in that action and, for purposes of perfecting service, the Court directed him to ascertain their identities. The facts underlying this case arose while Wallace was endeavoring to complete that task.

According to Wallace, allegedly in retaliation for his prosecution of the 11-1503 action, Defendant Mink sexually harassed the Plaintiff "when she went on an angry whim by forcing her sexual pleasurable activities on Plaintiff because he's a black man seeking the identity of three officers that took Plaintiff to the outside hospital." (Doc. 1, p. 6). Wallace contends that it was Mink's intention to make staff and other inmates believe that he had committed a prohibited sexual act in

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics*, 403 U.S. 388 (1971).

order to give him the reputation of a sexual predator. (*Id.*). Wallace further alleges that Mink falsely accused him of engaging in lewd sexual conduct in front of her and reporting this accusation to Defendant Lieutenant Miller, who them summoned "the team" and placed Wallace in restraints. (*Id.*). Wallace contends that he was kept in restraints for twenty-four (24) hours without food or water. (*Id.* at pp. 6-8).

Judge Blewitt undertook a preliminary screening of Wallace's complaint pursuant to 28 U.S.C. § 1915A and thereafter issued an R&R which recommended that the Court dismiss the official capacity claims because monetary damages are unavailable in connection with those claims, citing to *Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002), and further recommended that the remainder of the claims be dismissed for failure of the *pro se* Plaintiff to fully exhaust his administrative remedies. (Doc. 12). Wallace then filed an objection to the R&R attaching a document which appeared to at least facially establish that he had pursued his administrative remedies. (Doc. 15). We thus adopted the R&R to the extent that it recommended prejudicial dismissal of the official capacity claims but rejected it to the extent it found that Wallace had failed to exhaust his remedies, a conclusion that we believed to be premature at the screening stage given the newly-disclosed exhibits. We encouraged the Defendants to further scrutinize the

exhibits and noted that nothing in our decision precluded the Defendants from moving again for dismissal if those documents did not in fact establish exhaustion.

The Defendants then filed the presently pending Motion for Summary Judgment or in the Alternative Motion to Dismiss for Failure to State a Claim (doc. 25), asserting again that Wallace had failed to exhaust his administrative remedies. The motion was fully briefed (docs. 27, 33, 36), and on January 30, 2013, after undertaking a comprehensive review of the pleadings, the briefs, and the record as a whole, Judge Blewitt issued the instant R&R which recommends dismissal of the Plaintiff's remaining claims. Therein, Judge Blewitt first notes that, attendant to Wallace's failure to support his factual denials with citation to record evidence, the Defendants' factual allegations are accepted as true pursuant to Local Rule 56.1.[2] Reviewing the record and the undisputed facts, both of which establish that the Bureau of Prisons has a three-step administrative process for pursuing grievances and that Wallace only partially exhausted those remedies, Judge Blewitt concluded that the Plaintiff's Complaint must be dismissed.

As we have noted, neither party filed objections to the R&R. Upon review of the submissions, we agree with the sound reasoning that led Judge Blewitt to the

---

[2] Judge Blewitt also noted that notwithstanding application of this default rule, Wallace did not deny any of the allegations pertinent to the issue of exhaustion. Our review of Wallace's response wholly supports that conclusion.

5

conclusions reached therein. Our review of the record reveals, as Judge Blewitt appropriately found, that the *pro se* Plaintiff failed to fully exhaust the three-level administrative procedure available to him. Notwithstanding his partial pursuit of the grievance process as demonstrated by the documents submitted in objection to the first R&R, the more fully developed record now allows this Court to conclude, without hesitation, that the *pro se* Plaintiff has in fact failed to fully exhaust his administrative remedies to completion and thus prematurely filed this lawsuit. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other federal law...until such administrative remedies as available are exhausted."). With a mind toward conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this memorandum, as it accurately reflects our consideration of the case *sub judice*. An appropriate order shall issue.